UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANIA NICOLE ANDERSON and CHARLES ANDERSON | CIVIL ACTION |
| VERSUS | NO. 23-971 |
| HMO LOUISIANA, INC. | SECTION: "J"(2) |

### ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 4)** filed by Plaintiffs, Tania Nicole Anderson and Charles Anderson. Defendant HMO Louisiana, Inc. filed response memorandum; (Rec. Doc. 9); to which Plaintiffs replied; (Rec. Doc. 13). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiffs' motion **(Rec. Doc. 4)** should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

In 2021 and 2022, Plaintiffs were insured pursuant to group health benefits policies that Defendant issued to Certified Auto Reconditioning Specialists, LLC ("CARS"). (Rec. Doc. 1, at 3). Charles Anderson and his partner own CARS, which does not have any other employees. (Rec. Doc. 4-1, at 4). Charles Anderson's wife, Tania Nicole Anderson attempted to pre-certify and receive coverage for gastric surgeries, but Defendant refused to pre-certify or cover the surgeries. (Rec. Doc. 1-1, at 3).

Plaintiffs originally filed this lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, alleging that Defendant failed to justify its decision not to pay for the surgical procedures. *Id.* at 4. Defendant HMO Louisiana subsequently removed this action to this Court, claiming that Plaintiffs' health insurance policy is governed by the Employee Retirement Security Act of 1974 ("ERISA") such that this court has federal-question jurisdiction. (Rec. Doc. 1, at 1).

In the instant motion, Plaintiffs argue that the insurance policy is not an ERISA plan because the health plan covers two owners of an LLC and not any employees, so this case should be remanded to state court. (Rec. Doc. 4-1, at 1). In response, Defendant argues that CARS is actually a partnership, and ERISA's rules state that bona fide partners are employees. (Rec. Doc. 9, at 5). Thus, Defendant contends, the plan covering such partners is subject to ERISA, and removal to this court was proper. *Id.* In reply, Plaintiffs re-emphasize that CARS is an LLC, not a partnership, and it did not have any employees whom ERISA was designed to protect. (Rec. Doc. 13, at 2-3).

## **LEGAL STANDARD**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.

2000). Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). A cause of action filed in State Court that is completely preempted by ERISA and comes within the scope of § 502(a) of ERISA is removable to Federal Court under 28 U.S.C. § 1441, as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the Petition's face. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987).

## **DISCUSSION**

The Fifth Circuit's test to determine whether a benefit arrangement is an ERISA plan asks whether: (1) the plan exists; (2) the plan falls within the safe-harbor provision established by the Department of Labor; and (3) the employer established or maintained the plan with the intent to benefit employees. *Meredith v. Time Ins.*, 980 F.2d 352, 355 (5th Cir.1993). In this case, a plan obviously exists, and there is no disagreement as to the safe harbor provision in the second factor. Here, the parties dispute whether the third factor is satisfied—specifically whether Charles Anderson and his business partner are "employees" as defined by ERISA and whether their company is an employer that established or maintained the plan.

The applicable ERISA regulation states that:

> Any plan, fund, or program that would not be (but for this paragraph (d)) an employee welfare benefit plan and that is established or maintained by a partnership, to the extent that the plan, fund, or program provides medical care (including items and services paid for as medical care) to present or former partners in the partnership or to their dependents (as defined under the terms of the plan, fund, or program),

> directly or through insurance, reimbursement, or otherwise, is treated (subject to paragraph (d)(2)) as an employee welfare benefit plan that is a group health plan.

29 C.F.R. § 2590.732(d). Further, in the case of a group health plan maintained by a partnership, participants include an individual receiving benefits under the plan, if "the individual is a partner in relation to the partnership." *Id.* § 2590.732(d)(3)(i). "Whether or not an individual is a bona fide partner is determined based on all the relevant facts and circumstances, including whether the individual performs services on behalf of the partnership." *Id.* § 2590.732(d)(2). Thus, this regulation of employee benefit plans applies when a plan established or maintained by a partnership provides or pays for medical care to "bona fide" partners or their dependents.

The health plan in this case was maintained and established by the CARS, as demonstrated by the HMO Louisiana schedule of benefits for "Certified Auto Reconditioning Specialists, LLC." A partnership is a "juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit." La. Civ. Code art. 2801. Mr. Anderson declared that he is a 50% owner of CARS, and his only partner owns the other 50% of CARS. (Anderson Affidavit, Rec. Doc. 4-2). CARS, the company, is distinct from its members, and each person combined their efforts in determined proportions (50/50) to collaborate for common profit. Although CARS is registered as an LLC, "the label attached by the parties to their relationship will not control whether it is to be

treated, legally, as a partnership." *Transit Mgmt. of Se. Louisiana, Inc. v. Grp. Ins. Admin., Inc.*, 226 F.3d 376, 383-84 (5th Cir. 2000) (quoting Morris & Wendell H. Holmes, *Louisiana Civil Law Treatise: Business Organizations* § 112 (1999)). Instead, a partnership exists if the parties mutually consented to form a partnership and share in the profits and losses, and the enterprise's property or stock must form "a community of goods in which each party has a proprietary interest." *Id.* at 384 (citing *Darden v. Cox*, 123 So. 2d 68 (1960)). Applying these principals, the Court finds that the two CARS partners had the intent to join together to share CARS's profits and losses, as demonstrated by the parties' description of the business as well as the CARS K-1 tax documents stating each partner owned 50% of the business. (Rec. Doc. 9-2, at 3-4). Thus, the Court finds that CARS is a partnership, which established and maintained the medical benefit plan at issue in this case.

Next, the Court must determine whether Mr. Anderson was a bona fide partner. The Fifth Circuit determines whether an individual is a bona fide partner using a totality-of-the-circumstances analysis, including examining all relevant facts and circumstances plus asking whether an individual performs services on behalf of the partnership. *Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022). In this case, Plaintiffs state that they are "two guys who pull 'door dings' out of automobiles." (Rec. Doc. 4-1, at 3). Thus, Mr. Anderson and his partner are themselves performing services on behalf of the partnership. Mr. Anderson also swore that "his only partner is Noel Branscum, Jr. who owns" 50% of CARS, LLC. (Anderson Affidavit, Rec. Doc. 4-2). Further, Mr. Branscum wrote to Blue Cross to

"verify that [his] business partner, Charles Anderson, and [himself] Noel Branscum, Jr., are the sole owners/members/and employees of Certified Auto Reconditioning Specialists, LLC." (Rec. Doc. 9-2, at 2). Applying a totality of the circumstances analysis, the Court finds that Charles Anderson and his business partner at CARS are bona fide partners. Therefore, the HMO Louisiana benefit arrangement in this case qualifies as an ERISA plan that provided medical care for the bona fide partners and their dependents, and this case was properly removed to this court.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 4)** is **DENIED.**

New Orleans, Louisiana, this 16th day of May, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE