# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TANIA NICOLE ANDERSON and CHARLES ANDERSON,** | * * | **CIVIL ACTION, SEC. "P" DIV. 2** |
| **Plaintiffs** | * * | **NO. 2:23-CV-00971-DJP-DPC** |
| **VERSUS** | * * | **HON. JUDGE DARREL J. PAPILLION** |
| **HMO LOUISIANA, INC.,** | * * | **MAG. DONNA PHILLIPS CURRAULT** |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## FIRST AMENDED AND SUPERCEDING COMPLAINT

NOW INTO COURT, come Plaintiffs Tania Nicole Anderson and Charles Anderson, appearing herein through undersigned counsel, who file this First Amended and Superceding Complaint and state as follows:

1.

Plaintiff Tania Nicole Anderson is an individual of the full age of majority, and a resident of the State of Louisiana.

2.

Plaintiff Charles Anderson is an individual of the full age of majority, and a resident of the State of Louisiana.

3.

Defendant HMO Louisiana, Inc., is a Louisiana corporation, authorized to do and doing business in the Parish of East Baton Rouge, State of Louisiana, and whose domicile address is 5525 Reitz Avenue, Baton Rouge, Louisiana 70809 (hereinafter referred to as "Defendant" or HMOLA").

4.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States and the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. 1132(e)(1) and 1132(f), which provides the district courts with jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan and/or to address equitable remedies for breaches of fiduciary duties arising in connection with the administration of such employee welfare benefit plans, as well as failures to provide required notices and information related to the particular benefit plan at issue.

5.

The Eastern District of Louisiana is the proper venue for this action pursuant to 28 U.S.C. 1391 and 29 U.S.C. 1132(e)(2).

6.

ERISA provides in 29 U.S.C. 1133 for administrative or internal appeal of benefit denials.  As to all claims asserted herein, Plaintiff Tania Anderson was a covered dependent under the terms of her husband's group health benefit plan.  Plaintiffs have exhausted their avenues of appeal and are entitled to seek judicial review in this this Court.

**BACKGROUND OF CLAIMS**

7.

Beginning January 26, 2022, Plaintiff Tania Anderson attempted to pre-certify a surgery to remove her stomach completely because her life long and continuing gastric acid over production (GERD had recently damaged the stomach lining beyond repair. Defendant denied the request to pre-certify the surgery and advised that the surgery would not be covered under her

policy of healthcare insurance because Defendant, without support in the medical record or via proper investigation with a gastroenterologist or qualified gastric surgeon (other than a general practitioner/employee) believed the surgery was somehow a complication of a 2014 surgery and was therefore not covered. Defendant also failed to pre-certify and cover subsequent surgeries of August 19, 2022; August 29, 2022 and October 12, 2022 for the same reason.

### *The first surgery*

8.

On January 26, 2022, Plaintiff Tania Anderson underwent exploratory surgery to remove an abscess in her stomach. On January 27, 2022, Defendant denied coverage asserting that they:

> …deny your provider's request because you have a history of sleeve gastrectomy in 2014 have been admitted hospital for recent abdominal pain, nausea, and the inability to eat solid food. You were diagnosed with a stricture (abnormally small opening) between your esophagus and your stomach. Imaging showed multiple abscesses in your stomach. You had corrective surgery and a feeding tube placed. **This admission appears to be due to complications of prior bariatric surgery which is not covered…**"

On June 1, 2022, the Franciscan Missionaries of Our Lady submitted a written response to Defendant's denial on behalf of Ms. Anderson, stating that they "disagree with these findings" and provided a letter from the operating physician as well as relevant medical records. On July 19, 2022, Plaintiff also submitted a personal appeal letter. Defendant upheld its denial on grounds that it was not a covered service.

### *The second surgery*

9.

On August 19, 2022, Plaintiff Tania Anderson underwent surgery to remove stomach ulcerations. On August 30, 2022, Defendant denied coverage asserting, *inter alia*, that "your benefits plan doesnot cover bariatric surgery as a treatment for obesity."

3

*The third surgery*

10.

On August 29, 2022, Plaintiff Tania Anderson underwent surgery to remove remaining stomach ulcerations. Defendant again denied coverage asserting that it did not cover bariatric surgery treatment for obesity; that benefits were not available for complications from non-covered services or for complications related to Ms. Anderson's past medical history for sleeve gastrectomy (which occurred in 2014). On October 31, 2022, Plaintiff appealed, asserting *inter alia* that "[t]here is no possible way that the Gastric Sleeve surgery, from 8 years ago, is why I had to be admitted into the hospoital. All of my issues are from ACID REFLUX which is covered by my policy." Defendant denied portions of the bills associated with this surgery and denied the treating physician's bill in its entirety.

*The fourth surgery*

11.

During October 12 through October 16, 2022, Plaintiff Tania Anderson underwent surgery to remove scar tissue that was wrapped around her colon causing a blockage. The blockage was related to a previously covered surgery and should have been covered as a result. Defendant denied coverage asserting that it did not cover bariatric surgery and on grounds that the contract allegedly excludes coverage of complications related to such surgery. On January 3, 2023, the Franciscan Missionaries of Our Lady submitted a First Level Appeal Review Request on behalf of Ms. Anderson, requesting that "payment be reconsidered as the services provided were medically necessary for the patient's condition" and enclosed relevant medical records.  On February 10, 2023, Plaintiff appealed.  The appeal was again denied.

4

*Denial of coverage*

12.

Plaintiff Tania Anderson was, at all times relevant herein, covered by a group health insurance policy purchased from Defendant and despite this, her treatment was unnecessarily delayed, subjecting her to extended and unnecessary pain. Defendant denied coverage for all the aforementioned surgeries, resulting in Plaintiffs having to enter into a payment plan and pay for the full and undiscounted cost of the wrongfully denied surgeries out of their own pocket.

13.

Plaintiffs and their healthcare providers have submitted proper proof of these claims and timely written notice to the Defendant concerning nonpayment and/or delayed payment and appeal of medical bills under the plan in the amount of approximately ONE HUNDRED THOUSAND, SEVEN HUNDRED EIGHTY-ONE DOLLARS AND NINETY-EIGHT CENTS ($100,781.98).

14.

Defendant failed to medically/factually justify its failure to pre-certify and pay for at least three of the 2022 surgical procedures and any assertion that an asymptomatic surgery more than seven (7) years before the unpaid 2022 surgeries cannot be reasonably associated with complications of the 2014 surgery. Put simply, there is no medically supportable causal connection between the 2014 surgery and the need for the 2022 surgeries and to assert otherwise would be based on a fiction amounting to a breach of the standard of care, breach of fiduciary duty, and breach of the contract/statutes in question. Defendant's denial of reimbursement to Plaintiff's providers and its ensuing adverse benefit decisions constituted an abuse of discretion.

15.

Plaintiffs are entitled to full and timely payment of all medical expenses of Plaintiff Tania Anderson's medically necessary 2022 surgical procedures for which she and her husband have now come to pay to the hospital and other medical providers.

### COUNT I: ERISA CLAIMS UNDER 29 USC 1132 (a)(1)

16.

Plaintiffs aver that they are entitled to the aforementioned health and medical benefits and Defendant has wrongfully denied their claim for same. Plaintiffs seek judicial review of the administrative decisions reached by Defendant in connection with each of the aforementioned wrongful denials of benefits on ground that said denials constituted an abuse of discretion under the facts of the present case. Plaintiffs further assert that that there is no ascertainable basis pursuant to the Plan upon which to deny Plaintiffs' claims.

17.

Plaintiffs request the filing of the entire administrative record and the plan documents on which the Defendant's adverse benefit decision was based.

18.

Plaintiffs show further that Defendant, in performing its duties as claims administrator herein labored under a conflict of interest in that the plan at issue was fully insured and each dollar benefit denied inured to the benefit of Defendant.

### COUNT II: BREACH OF STATE LAW PAY PROVISIONS

19.

More than thirty (30) days have elapsed from the date upon which Plaintiffs and their providers submitted written notice to pre-certify the proposed procedure(s) and proof of claim

for bills and covered medical expenses were sent to Defendant and that Defendant has arbitratily and capriciously delayed and/or denied payment of benefits due without proper or timely investigation of the claim(s) for pre-certification and Defendant has continued to underpay and/or refused to pay and/or delay payment wrongfully and/or without appropriate or reasonable grounds to justify their action, subjecting Defendant to Plaintiffs' claims that Defendant has failed to pay the Plaintiffs' claims without proper cause under La. R.S. 22:1821.

20.

La. R.S. 22:1821, along with other Louisiana statutes, mandates payment of health insurance claims within thirty (30) days from the date upon which the insurer, Defendant, receives proper proof of claim. Further, this statute mandates payment of emergency care as this 2022 condition was an emergency medical condition of recent onset and severity, including severe pain, that would lead a prudent layperson, acting reasonably and possessing an average knowledge of health and medicine, to believe that the absence of immediate medical attention could reasonably be expected to result in serious impairment to bodily function and/or serious dysfunction of any bodily organ(s)/ Further, La. R.S. 22:1821(C) clarifies that Defendant is subject to the statute as any organization which provides or contracts to provide health and accident indemnity benefit coverage for any persons and shall be subject to the provisions of this Section, including the provisions relating to penalties and attorney's fees.

21.

Failure to comply with the provisions of La. R.S. 22:1821 subjects Defendant to a 100% penalty such that Plaintiffs are entitled to double the amount of health and accident billing and for physical damage and pain caused by the delay in pre-certifying their claims, plus attorney's

fees and all court costs. Further, all ambiguity regarding coverage is to be resolved in favor of coverage under Louisiana law and jurisprudence.

22.

Defendant breached both its legal duty under La. R.S. 22:1821 and its contractual duties under the insurance policy in question, as a result of its arbitrary and capricious delay and denial; including failure to timely investigation the request to pre-certify and then pay the above claim. The resulting delay in authorizing these surgeries has both injured Plaintiffs and complicated and extended her hospitalizations.

23.

As a result of the above, Plaintiffs assert that Defendant has damaged Plaintiffs' credit and has caused creditor to contact them and cause them to worry about the greater financial damages and injury to the good name and credit, all of which entitle them to recover further damages as are reasonable in the circumstances. Plaintiffs are entitled to recover actual payment and interest regarding same.

24.

Plaintiff has also been required to make cash payments to doctors and treatment facilities and incurred debt solely due to Defendant's fault, through negligence and/or error, and/or breach of contractual duty of Defendant's agents and/or itself in failing to properly investigate and ultimately pay these claims.

25.

Plaintiffs also assert that they are entitled to penalties, attorney's fees and punitive damages as Defendant's conduct in denying Plaintiff Tania Anderson health and medical benefits is arbitrary and capricious and without probable cause, in violation of La. R.S. 22:1973.

Additionally, Defendant's denial of Plaintiff's health and medical benefits is not in good faith as it is based on unknown or incomplete information.

26.

Plaintiffs also assert that the above mentioned actions of Defendant amount to fraud, deceit, misrepresentation and/or are unethical and consequently constitute a violation of Louisiana's Unfair Trade Practices Act, La. R.S. 51:1401 *et seq.*, thus entitling Plaintiffs to treble damages and to the recovery of attorney's fees.

27.

To the extent that any of the aforementioned remedies of the aforementioned Louisiana statutes may be determined to have been preempted by ERISA, Plaintiffs aver that the aforementioned actions are actionable as breaches of fiduciary duty under ERISA.

## COUNT III: DETRIMENTAL RELIANCE

28.

Plaintiffs aver that Defendant is liable for damages under the federal common law of detrimental reliance and under state law, specifically La. C.C. art. 1967 (detrimental reliance). Defendant made representations to Plaintiffs that Plaintiff Tania Anderson was entitled to benefits that would cover her aforementioned surgeries and in reliance upon those representations, Plaintiffs paid out-of-pocket for those surgeries relying on reimbursement from Defendant for the covered services.

29.

Plaintiffs relied on the representations of Defendant, and Plaintiffs changed their position to their detriment.

30.

Plaintiffs, therefore, can recover damages suffered due to their detrimental reliance, pursuant to federal law and pursuant to La. C.C. art. 1967 (detrimental reliance).

**COUNT IV: ERISA COUNTS UNDER 29 USC 1132 (a)(3)**

31.

Plaintiffs assert claims under 29 U.S.C. 1132(a)(1) and (3). Defendant breached their appropriate plan procedure and fiduciary duty by failing to comply with ERISA procedures under 29 U.S.C. 1133, by, *inter alia*, (1) failing to provide all applicable plan documents and contracts, thus leaving open the possibility that the plan documents could be changed at will; (2) failing to provide a Summary Plan Description and/or other plan documents that accurately reflect the benefits provided, the applicable exclusions and any right by the plan to recover allegedly erroneously paid benefits; (3) depriving Plaintiffs of a full and fair hearing at the administrative level.

32.

Defendant breached fiduciary duties owed to plan beneficiary Tania Anderson under 29 USC 1132(a)(3) arising out of its failure to make the Summary Plan Description sufficiently accurate and comprehensive to reasonably apprise Plaintiff of her rights and obligations under the plan. This breach entitles Plaintiff to assert the equitable remedy of reformation of the plan terms to conform with the Summary Plan Description by striking the Related Procedure exclusion, or alternatively, to the equitable remedy of surcharge by which Plaintiff should be permitted to recover amounts sufficient to compensate her for the loss of benefits she would have received had the Summary Plan Description accurately reflected the plan terms.

33.

Defendant further breached fiduciary duties owed to Plaintiff under 29 USC 1132(a)(3) by construing the plan terms in a manner inconsistent with both its decision and with the terms of the Summary Plan Description that it prepared, with respect to its invocation of the Related Procedure exclusion. Defendant should be estopped from invoking the Related Procedure limitation after having previously awarded benefits for one of the four surgeries that Plaintiff underwent in 2022.

34.

Defendant also failed to comply with 29 U.S.C. 1133's requirement that ERISA plan participants be provided with notice and reasons for adverse benefit determinations and an opportunity to be adequately heard on appeal thereof.

WHEREFORE, Plaintiffs pray that Defendant be served with a copy of this amended complaint, and that Defendant be duly cited to appear and to answer same, including production of the entire administrative record relevant to the aforesaid claims, and that after all legal delays and due proceedings had, that there be judgment rendered herein in favor of Plaintiffs Tania Nicole Anderson and Charles Anderson and against Defendant HMO Louisiana, Inc., declaring that Defendant improperly abused its discretion in denying Plaintiff Tania Anderson health and medical benefits. Also, Plaintiffs pray that this Honorable Court order Defendant to pay Plaintiffs the health and medical benefits that are rightfully due them, either as surcharge under 29 USC 1132 (a)(3) or as direct employee benefits under 29 USC 1132 (a)(1) together with any past due benefits, and to pay all damages and penalties due Plaintiffs, including attorney's fees, damages, penalties, interest and all costs of these proceedings, with legal interest thereon from

date of judicial demand, until paid, and for all other general and equitable relief to which Plaintiffs are entitled.

Respectfully Submitted:

/Perry R. Staub, Jr.
**PERRY R. STAUB, JR. (#12414)**
**TAGGART MORTON**
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163
Telephone: (504) 599-8510
Facsimile: (504) 599-8501
Email: pstaub@taggartmorton.com

-and-

**PAUL A. LEA, JR. (#18637)**
**PAUL A. LEA, JR., APLC**
229 N. Vermont Street
Covington, Louisiana 70433
Telephone: (985) 292-2300
Facsimile: (985) 249-6006
Email: paul@paullea.com

***Attorneys for Plaintiffs, Tania Nicole Anderson and Charles Anderson***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that the foregoing has been sent to all counsel of record by facsimile, via email and/or by placing same via first-class mail, properly addressed and postage prepaid.

/Perry R. Staub, Jr.
**PERRY R. STAUB, JR.**

12